```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION

MISSOURI PROFESSIONALS MUTUAL,      )
                                    )
     Plaintiff/                     )
        Counterclaim Defendant,     )
                                    )
             vs.                    )    Case No. 4:07CV739-DJS
                                    )
MRC REINSURANCE SERVICES, LLC,      )
                                    )
     Defendant/Counterclaimant,     )
                                    )
             vs.                    )
                                    )
TIMOTHY TROUT,                      )
                                    )
     Counterclaim Defendant.        )
```

<u>ORDER</u>

Plaintiff Missouri Professionals Mutual ("MPM") provides professional liability insurance to healthcare providers. Plaintiff brings suit alleging that defendant MRC Reinsurance Services has breached a broker agreement with plaintiff, been negligent in the parties' dealings, and breached a fiduciary duty owed to plaintiff, all in connection with defendant's procurement of reinsurance on plaintiff's behalf. Along with its answer to Missouri Professionals Mutual's petition, MRC Reinsurance has filed a counterclaim against both MPM and its Managing Director, Timothy Trout, for defamation. Now before the Court is a motion by MPM and Trout to dismiss the counterclaim.

Under Missouri law, whether a statement is defamatory is a question of law for the trial court. Mandel v. O'Connor, 99 S.W.3d 33, 36 (Mo.App.E.D. 2003). Merely offending or unpleasant language is not actionable as defamation:

> Defamatory words must be of such a nature that we can presume, as a matter of law, that they will tend to disgrace and degrade the person or expose him to public hatred, contempt, or ridicule or cause him to be shunned or avoided.

Id., *citing* Pape v. Reither, 918 S.W.2d 376, 380 (Mo.App.E.D. 1996); May v. Kansas City Dental Society, 863 S.W.2d 941, 945 (Mo.App.W.D. 1993). The allegedly defamatory statements pled in the counterclaim at issue are said to assert that defendant MRC was improperly and unethically withholding information from plaintiff MPM, and read as follows:

- an e-mail claiming that "Andy O'Brien [of MRC} is well aware of the fact that MPM has requested signed copies of all reinsurance contracts going back to the inception of the company. **Mr. O'Brien has steadfastly refused to forward same in spite of many requests.**"

- an e-mail stating that "[t]he failure of MRC...to fully disclose the terms and conditions, not to mention the commission schedule and have the contracts fully executed constitutes a material breach of duty as a broker....Andy, **the unprofessional manner in which the MPM account has been handled clearly rests with you and ultimately your firm[.]**

- an e-mail reading "Don, Have you received these documents? **If you have not yet received the required documentation** [from MRC], the board has directed me to instruct you to file suit against all parties concerned, both personally and corporately."

- an e-mail in which Mr. Trout stated that "**you...have steadfastly refused to send signed fully executed contracts for all four [4] reinsurance treaties.** Andy, the failure of

> MRC and BMS to deliver these items will force MPM to go before the Board of Directors of Lloyds, The Minnesota department of insurance, The Nevada department of insurance, The Missouri department of insurance [sic] and finally suit in The St. Louis County Courts. The ball has been in your court for some time now and to suggest otherwise is just **not truthful."**

Answer and Counterclaim [Doc. #10], ¶49, pp.8-9 (emphasis as pled).

The Court readily concludes that the statements are not defamatory as a matter of law, and that the motion to dismiss the counterclaim should be granted. The language conveys complaints of dissatisfaction with the handling of plaintiff's file. Construed in their most "innocent sense" and given their plain and ordinary meaning, the statements are clearly capable of a meaning that is not defamatory, that is, does not hold up the subject to contempt and ridicule or so harm reputation as to deter others from associating or dealing with the subject. See Rockwood Bank v. Gaia, 170 F.3d 833, 841 (8th Cir. 1999); Mandel, 99 S.W.3d at 36; Chastain v. Kansas City Star, 50 S.W.3d 286, 289 (Mo.App.W.D. 2001). As a matter of law, the statements are not actionable, and the Court is not persuaded by the request for oral argument on the issue.

For all the foregoing reasons,

**IT IS HEREBY ORDERED** that Missouri Professionals Mutual and Timothy Trout's motion to dismiss MRC Reinsurance Services, LLC's counterclaim [Doc. #21] is granted.

**IT IS FURTHER ORDERED** that defendant MRC Reinsurance Services, LLC's request for oral argument [Doc. #28] is denied.

Dated this ___12th___ day of July, 2007.

                                              /s/Donald J. Stohr
                                              UNITED STATES DISTRICT JUDGE